1
2
3
4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2021

SEAN F. McAVOY, CLERK

5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

13

JAY-T H.,

No. 4:20-CV-05051-JTR

14

Plaintiff,

15

16

v.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

17

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

18

19

20

Defendant.

21

22        **BEFORE THE COURT** are cross-motions for summary judgment. ECF

23   No. 12, 14. Attorney Chad Hatfield represents Jay-T H. (Plaintiff); Special

24   Assistant United States Attorney Jeffrey Staples represents the Commissioner of

25   Social Security (Defendant). The parties have consented to proceed before a

26   magistrate judge. ECF No. 6. After reviewing the administrative record and the

27   briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary

28   Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on November 23, 2016, alleging disability beginning April 13, 2016 due to back problems and a left leg injury. Tr. 75. The application was denied initially and upon reconsideration. Tr. 99-102, 106-08. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on November 27, 2018, Tr. 39-61, and issued an unfavorable decision on December 26, 2018, Tr. 22-31. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on January 15, 2020. Tr. 1-5. The ALJ's December 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 17, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1987 and was 28 years old as of alleged onset date. Tr. 75. He has an 11th grade education and a limited work history consisting of agricultural and warehouse laboring. Tr. 177, 198.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

1  rational interpretation, the Court may not substitute its judgment for that of the

2  ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*,

3  169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the

4  administrative findings, or if conflicting evidence supports a finding of either

5  disability or non-disability, the ALJ's determination is conclusive. *Sprague v.*

6  *Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision

7  supported by substantial evidence will be set aside if the proper legal standards

8  were not applied in weighing the evidence and making the decision. *Brawner v.*

9  *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

10                        **SEQUENTIAL EVALUATION PROCESS**

11          The Commissioner has established a five-step sequential evaluation process

12  for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v.*

13  *Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of

14  proof rests upon the claimant to establish a prima facie case of entitlement to

15  disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a

16  claimant establishes that a physical or mental impairment prevents the claimant

17  from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant

18  cannot perform past relevant work, the ALJ proceeds to step five, and the burden

19  shifts to the Commissioner to show (1) the claimant can make an adjustment to

20  other work; and (2) the claimant can perform specific jobs that exist in the national

21  economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir.

22  2004). If a claimant cannot make an adjustment to other work in the national

23  economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

24          "A finding of 'disabled' under the five-step inquiry does not automatically

25  qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th

26  Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)).

27  When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must

28  determine whether the drug or alcohol addiction is a material factor contributing to

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

the disability. 20 C.F.R. § 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to disability. *Id.* Plaintiff has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

## ADMINISTRATIVE FINDINGS

On December 26, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, hepatosplenomegaly, anemia, alcohol use disorder, and alcohol induced pancreatitis. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertional work, except "he cannot climb ladders, ropes, or scaffolds, and can only occasionally perform all other postural activities; and he would miss at least 1-2 days of work per month." *Id.*

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 26.

///

///

1    At step five, the ALJ determined that, considering Plaintiff's age, education,

2  work experience, and RFC, there were no jobs that existed in significant numbers

3  in the national economy that Plaintiff was capable of performing. Tr. 26-27.

4    Because of the presence of substance use, the ALJ further considered

5  Plaintiff's abilities were he to stop drinking alcohol. The ALJ found Plaintiff's

6  remaining impairment would continue to be severe, but would not meet or

7  medically equal a listing. Tr. 27-28.

8    The ALJ found, if Plaintiff stopped the substance abuse, he would retain the

9  same physical capabilities. Tr. 28.

10    The ALJ again found Plaintiff had no past relevant work. Tr. 30.

11    The ALJ finally found that, considering Plaintiff's age, education, work

12  experience, and residual functional capacity if he stopped using alcohol, there

13  would be jobs that existed in significant numbers in the national economy that he

14  would be capable of performing, specifically identifying the representative

15  occupations of housekeeping cleaner, fast food worker, and small parts assembler.

16  *Id.*

17    The ALJ thus concluded Plaintiff's substance use disorder was a

18  contributing factor material to the determination of disability, and thus Plaintiff

19  was not under a disability within the meaning of the Social Security Act at any

20  time from the date the application was filed through the date of the decision. Tr.

21  30.

**ISSUES**

22

23    The question presented is whether substantial evidence supports the ALJ's

24  decision denying benefits and, if so, whether that decision is based on proper legal

25  standards.

26    Plaintiff contends the ALJ erred by (1) omitting evidence from Plaintiff's

27  primary care provider; (2) failing to adequately evaluate Plaintiff's residual

28  functional capacity in the absence of alcohol use; (3) improperly evaluating the

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

1  medical opinion evidence; (4) improperly rejecting Plaintiff's subjective

2  complaints; and (5) conducting an improper analysis at step five.

3                                    **DISCUSSION**

4  **1.       Medical opinion evidence**

5            Plaintiff argues the ALJ erred in weighing the opinion evidence, by

6  improperly rejecting the opinion from Plaintiff's treating provider, Dennen Frazier,

7  PA-C, and giving undue weight to the medical expert at the hearing, Dr.

8  Subramaniam Krishnamurthi. ECF No. 12 at 15-17.

9            In determining the persuasive weight of an opinion, the ALJ should consider

10 the nature of the relationship, the supportability and consistency of the opinion,

11 any specialization of the source, and other factors, such as the understanding of the

12 disability programs and the source's familiarity with the case record. 20 C.F.R. §§

13 416.927(c), 416.927(f). The Commissioner may reject the opinion of a non-

14 examining physician by reference to specific evidence in the medical record. *Sousa*

15 *v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). An ALJ may discount the

16 opinion of an "other source," such as a physician's assistant, if they provide

17 "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104,

18 1111 (9th Cir. 2012).

19           *a.       Dennen Frazier, PA-C*

20           Plaintiff asserts the ALJ erred by improperly rejecting the opinion from his

21 treating provider, Mr. Frazier, PA-C. ECF No. 12 at 15-17.

22           In October 2018, Plaintiff's primary care provider, Mr. Frazier, completed a

23 medical source statement. Tr. 420-21. He noted Plaintiff's conditions included

24 chronic left knee pain, closed fracture of the left tibial plateau, and chronic low

25 back pain without sciatica. Tr. 420. He opined Plaintiff needed to lie down during

26 the day once or twice per week for 30 minutes due to pain, and would be likely to

27 miss one day of work per month and be off-task 12-20% of the time if he were

28 attempting to work full-time. Tr. 420-21. Mr. Frazier further stated that full-time

1    work would be likely to cause Plaintiff's condition to deteriorate, as his low back

2    pain would likely continue and worsen without intervention and that he was likely

3    to develop arthritis in his knee at a faster than normal rate due to the fracture. Tr.

4    421.

5         The ALJ gave this opinion little weight, finding it contained little

6    meaningful explanation and finding what narrative explanation was offered was

7    not persuasive in light of unremarkable imaging of the spine and knees. Tr. 29. The

8    ALJ further found the opinion to be inconsistent with the longitudinal medical

9    evidence and Plaintiff's own reported activity level. *Id.*

10        Plaintiff argues the ALJ failed to offer any analysis of the record and did not

11    cite any inconsistency or explain how Mr. Frazier's opinion was inadequate or

12    inconsistent with Plaintiff's activity level. ECF No. 12 at 16. He argues the record

13    contains imaging and objective findings supporting the disabling limits noted by

14    Mr. Frazier. *Id.* at 16-17. Defendant argues the ALJ legitimately considered the

15    quality of the explanation in light of the minimal objective findings, and

16    reasonably considered the opinion's consistency with the record as a whole. ECF

17    No. 14 at 6-7.

18        The Court finds the ALJ did not err. An ALJ may consider the supportability

19    and consistency of an opinion in assessing its persuasiveness. 20 C.F.R. §§

20    416.927(c)(3)-(4), 416.927(f). The ALJ reasonably concluded that Mr. Frazier's

21    opinion was lacking in meaningful explanation for the basis of the limits and was

22    inconsistent with the unremarkable imaging and the longitudinal record

23    demonstrating generally normal findings on exam. The ALJ's analysis reaches the

24    germane standard for a non-acceptable source.

25        b.    *Dr. Subramaniam Krishnamurthi, MD*

26        Medical expert Subramaniam Krishnamurthi reviewed Plaintiff's treatment

27    records and testified at the hearing. Tr. 44-51. He opined Plaintiff's episodes of

28    pancreatitis were from his alcoholism and would resolve if he stopped drinking. Tr.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1    45-47. He testified that, absent alcohol use, Plaintiff's only severe impairment

2    would be his lumbar condition, which would limit him to performing light work

3    with some postural limitations. Tr. 48-50.

4         The ALJ gave Dr. Krishnamurthi's testimony great weight, noting his

5    qualifications, his review of the entire records, reasonable explanations, specialized

6    program knowledge, and that he was available for cross examination. Tr. 26, 29.

7         Plaintiff argues the ALJ gave undue weight to this testimony, as it was not

8    consistent with the medical evidence showing no detectable alcohol levels on at

9    least ten of Plaintiff's hospitalizations for pancreatitis. ECF No. 12 at 17.

10    Defendant argues the record reflects Plaintiff continued to drink and that he often

11    presented with alcohol-withdrawal symptoms, and that Plaintiff has not

12    demonstrated Dr. Krishnamurthi's testimony was contradicted by all other

13    evidence in the record. ECF No. 14 at 5-6.

14         The Court finds the ALJ did not err. Dr. Krishnamurthi explained his

15    opinion that Plaintiff's pancreatitis was caused by his alcoholism and would

16    improve if he were to stop drinking. Tr. 45-47. Plaintiff offers no medical basis for

17    his theory that undetectable levels of alcohol at the time of hospitalization indicates

18    otherwise, or his implication that alcohol-induced pancreatitis does not occur

19    without active intoxication. Doctors repeatedly encouraged complete abstinence in

20    order to prevent future complications. Tr. 611, 689. Plaintiff testified at the hearing

21    that he did not have any periods of sobriety longer than two months. Tr. 43-44, 52-

22    53. The ALJ reasonably relied on the medical expert's testimony. *See also* Social

23    Security Ruling 13-2p (noting some physical conditions are expected to improve

24    with abstinence and allowing an ALJ to rely on the opinion of an acceptable

25    medical source in so finding, even without a period of abstinence).

26    **2.      Plaintiff's subjective complaints**

27         Plaintiff alleges the ALJ erred in rejecting his symptom testimony without

28    providing adequate reasons. ECF No. 12 at 17-20.

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause few of the alleged symptoms in the absence of substance use; he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the objective medical evidence and other evidence in the record. Tr. 28. Specifically, the ALJ found Plaintiff's allegations to be undermined by the limited objective findings, adequate pain management, Plaintiff's past reports, his lack of work history, and his generally robust daily activity level. Tr. 28-29.

Plaintiff argues the medical record shows his acute pancreatitis episodes occurred even when he was not drinking, thus undermining the ALJ's conclusions regarding the materiality of alcohol. ECF No. 12 at 18. He further asserts that the remainder of the ALJ's rational was insufficient, as the ALJ failed to identify any specific inconsistencies, made unspecified allegations about Plaintiff's limited work history, and failed to explain how any of the identified daily activities were inconsistent with Plaintiff's allegations. *Id.* at 19-20. Finally, Plaintiff argues that his intermittent pain from pancreatitis flares and his various musculoskeletal issues would result in absenteeism, excessive breaks, and off-task behavior above the limits that would allow him to remain employable. *Id.* at 20. Defendant argues the ALJ reasonably considered the type and effectiveness of Plaintiff's treatments, his activities, and his extremely poor work history in finding his allegations unsupported. ECF No. 14 at 3-4.

1       The Court finds the ALJ offered clear and convincing reasons for

2 discounting Plaintiff's claim of disabling impairments in the absence of alcohol

3 use. As discussed above, the ALJ's finding that Plaintiff's functioning would

4 improve with sobriety was supported by substantial evidence. The ALJ's rationale

5 regarding Plaintiff's remaining conditions is supported by substantial evidence.

6       The ALJ found Plaintiff's musculoskeletal pain was treated with over-the-

7 counter medications. Tr. 29. An ALJ may reasonably consider the type and

8 effectiveness of treatments. Social Security Ruling 16-3p. An ALJ may also

9 consider a claimant's poor work history in finding allegations of disability to be

10 unsupported. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (An ALJ's

11 finding that the claimant had limited work history and "ha[d] shown little

12 propensity to work in her lifetime" was a specific, clear, and convincing reason for

13 discounting the claimant's testimony.). Plaintiff's earnings record indicates he has

14 never earned at the substantial gainful level. Tr. 177. Though it cannot serve as the

15 sole basis for discounting a claimant's subjective reports, the objective medical

16 evidence is a "relevant factor in determining the severity of the claimant's pain and

17 its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The

18 ALJ noted the mild imaging and largely normal findings on exam. Tr. 29. The ALJ

19 therefore offered sufficient clear and convincing reasons for discounting Plaintiff's

20 claim of disabling limitations in the absence of substance abuse.

21 **3.**      **Unexhibited evidence**

22       On November 14, 2018, Plaintiff's treating provider, Mr. Dennen Frazier,

23 PA-C, completed a letter summarizing Plaintiff's multiple hospitalizations for

24 pancreatitis, and opining he had likely sustained permanent damage to his pancreas

25 and was very likely to have further episodes of acute pancreatitis in the future. ECF

26 No. 13-1. According to Plaintiff's counsel's declaration, this letter was submitted

27 to the electronic file, but was not included in the final record. ECF No. 13 at 2. The

28 letter does not appear in the certified record.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

1    Plaintiff argues the ALJ failed to fulfil his duty to develop the record by not

2    admitting the letter into the record, and thus denied Plaintiff due process. ECF No.

3    12 at 11-13. He asserts this error was harmful as Mr. Frazier's letter established

4    disabling flares of pancreatitis regardless of whether Plaintiff abstains from alcohol

5    use or not. *Id.* at 12.

6    Defendant argues Plaintiff was not denied due process, as he had the

7    opportunity to submit evidence and be heard, and that since the record was

8    submitted, there was no further evidence for the ALJ to develop. ECF No. 14 at 7-

9    8. Defendant characterizes the omission of the letter from the record as a "technical

10   hiccup" or "a glitch in the usual process of evidence management," and asserts any

11   error was harmless at most, as the letter does not undermine the substantial

12   evidence upon which the ALJ relied. *Id.* at 9-10.

13   The Court finds that any error on the part of the ALJ in failing to exhibit Mr.

14   Frazier's letter was harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

15   2008) (an error is harmless when "it is clear from the record that the . . . error was

16   inconsequential to the ultimate nondisability determination"). The letter notes

17   Plaintiff's multiple hospitalizations for pancreatitis, which are well-documented in

18   the record. The remainder of the letter does not establish any functional limits or

19   quantify the likelihood of future episodes of pancreatitis. ECF No. 13-1. Despite

20   Plaintiff's allegation, the letter does not establish that Plaintiff would continue to

21   have a disabling rate of pancreatitis flares regardless of his alcohol consumption.

22   *Id.* It states only that Plaintiff is likely to have further episodes and does not

23   comment on what his status would be if he stopped drinking. *Id.* Because the letter

24   does not speak to any facts not already addressed in the record, the Court finds its

25   exclusion from the record to be harmless error.

26   **4.    Other errors**

27   Plaintiff argues that the ALJ improperly assessed Plaintiff's residual

28   functional capacity in the absence of alcohol, and that the step five findings are

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

1    insufficient, as the hypothetical posed to the vocational expert failed to account for

2    all of Plaintiff's limitations. ECF No. 12 at 13-15, 20-21. These arguments are

3    based on successfully showing that the ALJ erred in his treatment of the evidence.

4    *Id*. Because the Court finds that the ALJ did not harmfully err in his evaluation of

5    Plaintiff's symptom statements and the medical opinion evidence, Plaintiff's

6    arguments are without merit.

7                                      **CONCLUSION**

8           Having reviewed the record and the ALJ's findings, the Court finds the

9    ALJ's decision is supported by substantial evidence and free of legal error.

10   Therefore, **IT IS HEREBY ORDERED:**

11          1.      Defendant's Motion for Summary Judgment, **ECF No. 14**, is

12   **GRANTED**.

13          2.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

14          The District Court Executive is directed to file this Order and provide a copy

15   to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant

16   and the file shall be **CLOSED**.

17          **IT IS SO ORDERED.**

18          DATED February 22, 2021.

19

20                       _____

21                                          JOHN T. RODGERS
                                     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION . . . - 12